`

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEXTER LAMONT HILL,<br><br>        Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No: CR-03-40229-DLJ<br><br>**ORDER** |

Dexter Hill has filed a Motion to Amend Judgment. In his Motion, Hill requests that the Court amend his sentence as reflected in the Court's judgment of April 30, 2004 to grant him credit for time served. The Court has considered this matter thoroughly and denies the motion, finding that the sentence imposed by the Court accurately reflected the intent of the Court as to the appropriate sentence, and also because the Court finds that petitioner has already been granted credit for the time served at issue in this motion.

**FACTUAL HISTORY**

On October 31, 2003, Hill was arrested by the Oakland Police Department for violation of his parole stemming from a 1999 state conviction of a felony drug offense. On November 20, 2003, Hill was indicted on federal criminal charges stemming from the October 31, 2003 arrest for possession of a firearm by convicted felon (18

U.S.C. § 922(g)(1)) and possession of a firearm in furtherance of drug trafficking offense (18 U.S.C. §924(c)).

On February 17, 2004, Hill enters into a plea agreement with the state of California regarding his Parole violation and was sentenced to 12 months imprisonment.

On April 30, 2004, Hill was sentenced to be imprisoned for a total of 120 months with the recommendation that "he receive credit for time served as to his time in federal custody from 10/31/03 to the date of sentencing 4/30/04."

**PROCEDURAL HISTORY**

On July 14, 2008, Dexter Lamont Hill ("Hill") filed a document entitled "Motion for Relief from Pleading of Special Matters."  In this document, Hill asks the Court to order the Bureau of Prisons ("BOP") to award Hill credit for time served from October 31, 2003 to April 30, 2004 while he was in federal custody.  Because Hill's motion challenged his sentence's execution this Court reviewed Hill's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  On December 8, 2008, this Court made the legal finding that it does not have jurisdiction or authority to order BOP to issue credit for Hill's time served.

On November 2, 2009, Hill filed a second document entitled "Motion to Amend Judgment" where he recognizes that this Court does not have the authority to order the BOP to award him credit for time served and asks instead this Court change its sentencing order to run the pre-existing state sentence and the federal

-2-

sentence concurrently.  Hill asserts that the requested change in the sentencing order is needed because he did not receive sufficient credit for time served as allegedly intended by the sentencing court.  Hill also avers the sentencing judge's intent is "silent" and thus requests this Court to explicitly state what the Court's intent was.

The record indicates extensive discussion regarding the issue of credit for time served such that the Court's intent is not "silent."  During the sentencing hearing, defense counsel raised the issue and even suggested the Court sentence Hill for 114 months instead of 120 months to ensure proper credit for time served "beginning the day of his arrest."  This Court considered such suggestion and declined to reduce the sentence or to "fix the credit for time served."

**APPLICABLE LAW**

Rule 36 states "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

18 U.S.C. § 3584(a) reads in pertinent part:

> If multiple terms of imprisonment are imposed on a defendant <u>at the same time</u>, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed <u>at different times</u> run consecutively unless the court orders that the terms are to run concurrently.  (Emphasis added).

A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins. *United States v. Wilson*, 503 U.S. 329, 330 (1992). The Attorney General, through the BOP, computes the amount of credit due, if any, after taking custody of the sentenced federal offender. *Id*. at 333. Thus the district courts do not have the jurisdiction or authority to order BOP to issue the requested credit for time served. *Id.* Section 3585(b) authorizes the Attorney General, not the district court, to compute the length of an inmate's sentence. *Id.*

The 2004 Federal Sentencing Guidelines, Chapter 5, Part G, Section 5G1.3 state in relevant part:

> In any case involving an undischarged term or imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. § 5G1.3(c).

**DISCUSSION**

This case does not arise from the Court's clerical error or the Court's oversight or omission such that it falls within the parameters of Federal Criminal Procedure Rule 36. The record indicates extensive discussion regarding the issue of credit for the time served and the Court's express intent that the BOP be the agency that determines how such credit applies in Hill's case.

Further Hill avers that "the judgment entered by the federal sentencing court is "silent" as to whether it applied or

-4-

considered the provisions of USSC § 5G1.3(c)."  The official commentary to § 5G1.3(c) states:

> To avoid confusion with the Bureau of Prison's exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served. (emphasis added).

During the sentencing hearing, the Court expressly declined to "change the sentence" from the 120 months imposed to the 114 months requested by defense counsel as a guarantee that Hill would indeed benefit from time served credit.  The Court stated it did not "have the power to fix the credit for the time served" and explained that although "there was a revocation to [Hill's] pre-existing parole . . . whether the state gives him sort of credit for that, that's a separate thing" from the proceeding then before the Court.  Finally the Court concluded that while it recommended that Hill "get's Federal credit for time served" it expressly declined "to change the sentence."  Thus the intent of the sentencing Court is not "silent" within the meaning of USSC § 5G1.3(c).

Under the § 3585(b), a defendant is given credit toward the service of a term of imprisonment for any time he or she has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed, or as a result of any other charge for which the defendant was arrested and that has not been credited against another sentence.

-5-

It seems from the record that Hill has already received credit from the California Department of Corrections for the time he requests. In the document entitled "Response to Inmate Request to Staff" which Hill enclosed as an attachment to his current motion, Hill is informed that:

> California credited all the time since arrest on local charges against the service of your California Parole Violation Term. The California DOC has verified that this violation term was completed on June 30, 2004 and that <u>all the time in custody between October 31, 2003, and June 30, 2004, was credited as service of the state parole violation term.</u> (Emphasis added).

Thus under § 3585(b) Hill has already been given credit against his state sentence for the time he requests.

Finally, under §3584 the terms of imprisonment where imposed at different times, on February 17, 2004, for the state's parole violation sentence and April 30, 2004, for the federal sentence. Thus the sentences run consecutively given that this Court did not order, nor did it intend that, the terms run concurrently. For the foregoing reasons, the petition is DENIED.

IT IS SO ORDERED

DATE: December 2, 2010

                          D. Lowell Jensen
                          United States District Judge